UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCISCO CASTILLO,
         Plaintiff,

v.

IMMIGRATION AND NATURALIZATION SERVICE,
         Defendant.

CIVIL ACTION

NO.   04-11566-NMG

-----------------------------------------------------------------------

OSCAR A. GUERRERO,
         Plaintiff,

v.

IMMIGRATION AND NATURALIZATION SERVICE,
         Defendant.

CIVIL ACTION

NO.   04-11568-NMG

MEMORANDUM AND ORDER

      For the reasons stated below, each of these actions is dismissed without prejudice and Aleister Sibilia Lopez is advised that he may not file actions in this Court on behalf of any person other than himself.

FACTS

      On July 6, 2004, Aleister Sibilia Lopez, a prisoner confined at FCI Danbury, filed two motions "for a speedy trial" in this Court, purportedly on behalf of Francisco Castillo and Oscar Guerrero. Lopez, who styles himself as "prisoner/counsel," states that Castillo and Lopez are each confined in Massachusetts Department of Correction[1] facilities and that the Immigration and Naturalization Service[2] has issued "warrants"

---

[1] The Massachusetts Department of Correction website indicates that Castillo and Guerrero are both confined at MCI Concord, P.O. Box 9106, Concord, MA 01742

[2] The Immigration and Naturalization Service ("INS") has ceased to exist as a federal agency, and the responsibility for detaining and removing immigration detainees currently resides with Immigration and Customs Enforcement ("ICE"). See Nma v. Ridge, 286 F. Supp. 2d 469, 470 n. 1 (E.D. Pa. 2003) (ICE, a subordinate agency within the

against each of them.

## ANALYSIS

As a general rule, a plaintiff who is not an attorney may only represent himself, not any other party. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) (stating that "an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf."); accord Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (non-attorney parent may not bring an action on action on behalf of child without representation by counsel); cf. Barrows v. Jackson, 346 U.S. 249, 254 (1953) (as a general rule, a party does not have standing to vindicate the constitutional rights of another party). Because Lopez is not an attorney, he may not attempt to represent persons other than himself, and these actions based on claims belonging to Francisco Castillo and Oscar Guerrero shall be dismissed without prejudice. Feliciano, 846 F. Supp. at 1039.[3]

---

Department of Homeland Security has assumed the enforcement functions of the former INS). For purposes of this memorandum and order, I will refer to the defendant as the INS.

[3]Lopez is advised that any future attempts to represent parties other than himself in this Court will subject him to sanctions pursuant to Rule 11 and this Court's inherent authority to control the conduct of litigants who appear before it. See Fed. R. Civ. P. 11(b)(1), (2) (a court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious); Eagle Eye Fishing Corp. v. Dep't of Comm., 20 F.3d 503, 506 (1st Cir. 1994) (pro se parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); Pronav Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to pro se litigants) (citation omitted); Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991) (district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same); Alexander v. United States, 121 F.3d 312, 315-316 (7th Cir. 1997) (sanctioning inmate in the amount of $500 pursuant to court's inherent authority for repetitious, meritless litigation).

## CONCLUSION

ACCORDINGLY, each of these actions is dismissed for the reasons stated above. The Clerk is directed to send this Memorandum and Order to Aleister Sibilia Lopez and to also send a copy of it to Francisco Castillo and Oscar Guerrero with a copy of the Court's list of immigration legal service providers.

SO ORDERED.

| | |
|---|---|
| 7/21/04 | s/ Nathaniel M. Gorton |
| Date | UNITED STATES DISTRICT JUDGE |